400 S.E.2d 863

**Margie Ann HOLBROOK**

**v.**

**POOLE ASSOCIATES, INC., and The West Virginia Human Rights Commission.**

**No. 19178.**

Supreme Court of Appeals of West Virginia.

Dec. 17, 1990.

George P. Stanton, III, Clarksburg, for Margie Ann Holbrook.

Kevin Nelson, Kay, Casto, Chaney, Love, Wise & Woodroe, Charleston, for Poole Associates, Inc.

PER CURIAM:

This is an appeal by Margie Ann Holbrook from a final order of the Circuit Court of Kanawha County, dated May 4, 1988, affirming a July 23, 1985, decision of the West Virginia Human Rights Commission finding unlawful discrimination by the appellee, Poole Associates, Inc. The appellant contends that the trial court erred by failing to award back pay as damages for unlawful discrimination. We agree with the appellant and reverse the decision of the Circuit Court of Kanawha County insofar as it failed to award back pay.

The appellant was employed as a waitress in the restaurant at the Charleston House Holiday Inn in Charleston, West Virginia, for approximately fifteen years. The appellee assumed management of the res-

taurant on May 2, 1982.[1] Upon assuming management, representatives of the appellee conducted a meeting of all former employees of Phillips, the appellee's predecessor in management, who were interested in retaining their positions. The appellant attended that meeting and indicated her interest in remaining in her position as a waitress at the hotel. The appellee offered employment to former Phillips personnel, including the appellant, subject to a thirty-day probationary period.

During the probationary period, the appellee instituted various alterations in the management of the restaurant.[2] The appellant allegedly experienced difficulty preparing guest checks, calculating bills, writing service numbers as required, properly pricing food items, and appropriately performing her duties as a waitress. The appellee also reported complaints regarding the appellant's performance and a general unwillingness by the appellant to cooperate with new management. The restaurant supervisor, Ms. Linda Jarvis, testified that she had conducted several meetings with the appellant regarding the appellant's performance and had specifically informed her that her job would be in jeopardy if she failed to improve. Ms. Barbara Fletcher, approximately 20–30 years of age, was hired on May 5, 1982, as an additional waitress. The appellant contends that Ms. Fletcher, who according to the appellee actually began working on May 19, 1982, was hired as her replacement.

On May 14, 1982, the appellant's employment was terminated. At the time of her dismissal, the appellant was sixty-two years of age. On July 9, 1982, the appellant filed a complaint with the West Virginia Human Rights Commission alleging that the appellee had discharged her in violation of the West Virginia Human Rights Act, W.Va.Code §§ 5–11–1 to –19 (1990). After an investigation of the complaint, the Human Rights Commission found probable cause to believe that the appellant had been unlawfully discriminated against on the basis of her age. Hearing Examiner Robert R. Harpold, Jr. conducted a hearing on the matter on May 16, 1985, and submitted his proposed findings of fact and conclusions of law to the Human Rights Commission on July 23, 1985. The hearing examiner found that the appellant had not been discriminated against and that she had been dismissed for reasons unrelated to her age. By order dated October 10, 1985, the Human Rights Commission refused to adopt the conclusions of the hearing examiner and determined that the appellant had been discriminated against on the basis of her age. The Human Rights Commission awarded the appellant $1,000.00 in damages for embarrassment and humiliation.

Upon appeal by both parties to the Circuit Court of Kanawha County, the court, by order dated November 19, 1987, reversed the Human Rights Commission and remanded the case back to the Commission for a new hearing. The circuit court reasoned that a new hearing was required because the Commission had reversed the findings of fact of the hearing examiner without having at least one member of the Commission present at the hearing as required by West Virginia Human Rights Commission Rule 7.4(a). *See* W.Va.C.S.R. § 77–2–7.4(a) (effective September 6, 1985). Upon a motion for reconsideration, however, the circuit court learned that the parties had waived the right to have a member of the Commission present pursuant to Commission Rule 7.4(c), modified its previous order, and affirmed the Commission's finding of discrimination. The circuit court did not, however, award back pay to the appellant. On June 9, 1989, the appellant petitioned this Court for appeal from that May 4, 1988, final order of the Circuit

---

1. The restaurant had previously been managed by Phillips Enterprises. On May 2, 1982, Phillips' lease with Poole Associates, owners of the Charleston House Holiday Inn, expired. Poole Associates then decided to assume management and control of food services.

2. The changes included the assignment of service numbers to waitresses to be used on every receipt, the use of a new guest check including a carbon copy, a revised menu, sequentially numbered guest checks, and other requirements regarding the manner in which waitresses monitored guest checks and items ordered.

Court of Kanawha County. Based upon the thirteen-month delay, the appellee moved to dismiss the appellant's petition. We denied the appellee's motion to dismiss and permitted the appellant to proceed with this appeal.[3]

■ The appellee has advanced a counter-assignment of error contending that the trial court erred by affirming the Human Rights Commission's finding of discrimination. The appellee first suggests that the Human Rights Commission's failure to make specific findings of fact and conclusions of law warrants reversal of the decision.[4] We find no merit to the appellee's argument regarding the absence of findings of fact and conclusions of law. While the Human Rights Commission did not explicitly divide its October 10, 1985, order into "Findings of Fact" and "Conclusions of Law," it did make twenty-three specific factual findings upon which it predicated its decision. These findings were based upon testimony received at the hearing held before Hearing Examiner Robert Harpold. "West Virginia Human Rights Commission's findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties." Syl. Pt. 1, *West Virginia Human Rights Comm'n v. United Transp. Union, Local 655,* 167 W.Va. 282, 280 S.E.2d 653 (1981). Based upon our review of the record, we conclude that, while the evidence is certainly conflicting, there is substantial evidence upon which the Human Rights Commission could have based its findings and conclusions.

The appellee also advances the argument that the appellant failed to prove that she had been unlawfully discriminated against. We first address the contentions of the

appellee with regard to the existence of discrimination. We then address the issue of the appellant's entitlement to back pay.

## I.

■ We have enumerated three specific stages through which a successful claim of discrimination must progress. *West Virginia Inst. of Technology v. The West Virginia Human Rights Comm'n,* 181 W.Va. 525, 383 S.E.2d 490 (1989). The claimant must first establish a prima facie case of discrimination. In syllabus point 3 of *Conaway v. Eastern Associated Coal Corp.,* 178 W.Va. 164, 358 S.E.2d 423 (1986), we stated the following:

> In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va. Code § 5–11–1, *et seq.* (1979), the plaintiff must offer proof of the following:
>
> (1) That the plaintiff is a member of a protected class.
>
> (2) That the employer made an adverse decision concerning the plaintiff.
>
> (3) But for the plaintiff's protected status, the adverse decision would not have been made.

■ Second, the employer must be afforded an opportunity to provide a legitimate non-discriminatory reason for its actions. "The complainant's prima facie case of disparate-treatment employment discrimination can be rebutted by the employer's presentation of evidence showing a legitimate and non-discriminatory reason for the employment-related decision in question which is sufficient to overcome the inference of discriminatory intent."

**3.** The appeal was filed in a timely fashion with the Circuit Court of Kanawha County but did not arrive at this Court until after the expiration of the eight-month time limitation within which an appeal may be perfected. We determined that the appeal should be permitted. As we stated in syllabus point 2 of *First Nat'l Bank of Bluefield v. Clark,* 181 W.Va. 494, 383 S.E.2d 298 (1989), "[b]y virtue of Rules 2, 3, and 16 of the Rules of Appellate Procedure, this Court may, for good cause shown, suspend or enlarge the time within which a party may file a petition for appeal under W.Va.Code, 58–5–4."

This issue has been clarified by an amendment to W.Va.Code 58–5–4, effective July 1, 1990, which specifically provides that a petition for appeal may be "filed with the clerk of the court where the judgment, decree or order being appealed was entered...."

**4.** West Virginia Code § 29A–5–3 (1986) and West Virginia Human Rights Commission Rule 9.1, require that the Commission, in issuing a decision in a controverted case, make findings of fact and conclusions of law.

Syl. Pt. 2, *Institute of Technology*, 181 W.Va. at 526, 383 S.E.2d at 490.

■ Third, the claimant must show that the reasons provided by the employer were simply a pretext for discrimination. "The complainant will still prevail in a disparate-treatment employment discrimination case if the complainant shows by a preponderance of the evidence that the facially legitimate reason given by the employer for the employment-related decision is merely a pretext for a discriminatory motive." Syl. Pt. 3, *Institute of Technology*, 181 W.Va. at 526, 383 S.E.2d at 490.

With regard to the establishment of a prima facie case of discrimination, the appellee in the present case concedes that the appellant was a member of a protected class on the basis of her age. The appellee also concedes that an adverse decision was made regarding the appellant's continued employment. With regard to the third phase of the prima facie case, however, the appellee contends that the rationale for the termination of the appellant was unrelated to her age. Consequently, the appellee argues that the appellant failed to establish a prima facie case of discrimination.

■ We specifically addressed the type of evidence required to create a prima facie case of employment discrimination in *Conaway* and recognized that very little direct evidence of discrimination will normally be available. Direct evidence, however, is not required. "What is required of the complainant is to show some circumstantial evidence which would sufficiently link the employer's decision and the complainant's status as a member of a protected class so as to give rise to an inference that the employment-related decision was based upon an unlawful discriminatory criterion." *Institute of Technology*, 181 W.Va. at 530, 383 S.E.2d at 495.

■ In the present case, the Human Rights Commission found substantial evidence that the appellant's age was the basis for her termination. The evidence indicated that the appellee hired a young woman, approximately twenty-thirty years of age, several days prior to the appellant's termination. The appellant contended that the woman was hired as her replacement, and the evidence indicated the new waitress did in fact begin work four to five days subsequent to the appellant's termination. The appellant further contended that she was never warned that her job was in jeopardy or that her performance was inadequate.

The "West Virginia Human Rights Commission's findings of fact should be sustained by reviewing courts if they are supported by substantial evidence or are unchallenged by the parties." Syl. Pt. 1, *United Transportation*, 167 W.Va. at 282, 280 S.E.2d at 653. We conclude that the findings of fact made by the Commission and adopted by the circuit court were supported by substantial evidence and will consequently be adopted by this Court for purposes of review. Based upon such factual findings, we conclude that the appellant presented a prima facie case of discrimination.

The appellee next contends that the appellant was terminated for a legitimate, nondiscriminatory reason. Namely, the appellee states that the appellant was terminated due to her inability to adjust to new management and the rules and regulations implemented by such management.

As the third and final stage of proof of discrimination, however, the appellant presented evidence that the facially legitimate reason offered by the appellee for the termination was merely a pretext for a discriminatory motive. This " 'third step of the ... proof scheme [is based upon a] realization that some explanations are the product of hindsight rather than a true barometer of what occurred at the time of the decision.' " *Institute of Technology*, 181 W.Va. at 532, 383 S.E.2d at 497 (quoting *Taylor v. City Nat'l Bank*, 642 F.Supp. 989, 995 (S.D.W.Va.1986) (*Haden*, C.J.), aff'd mem., 836 F.2d 547 (4th Cir.1987)). In determining that the appellee had committed unlawful discrimination, the Human Rights Commission apparently found that the reasons advanced by the appellee for the termination of the appellant were simply pretexts for unlawful discrimination. Such a conclusion seems more than reasonable given the fact that the appellant, al-

though having functioned as a waitress at the restaurant for fifteen years, was terminated after only twelve days by the appellee.

As we recognized in *Institute of Technology*, "[t]he reviewing court is not entitled to reverse the finding of the trier of facts simply because the reviewing court is convinced that it would have weighed the evidence differently if it had been the trier of the facts." *Institute of Technology*, 181 W.Va. at 533, 383 S.E.2d at 498 (citing *Frank's Shoe Store v. West Virginia Human Rights Comm'n*, 179 W.Va. 53, 365 S.E.2d 251, 254 (1986)). Moreover, as we stated above, the factual findings of the Human Rights Commission are to be sustained by reviewing courts where they are supported by substantial evidence. Syl. Pt. 1, *United Transportation*, 167 W.Va. at 282, 280 S.E.2d at 653.

Based upon our review of the record, we conclude that there was substantial evidence to support the findings and the decision of the Human Rights Commission. We therefore affirm the finding of unlawful discrimination against the appellant on the basis of her age.

## II.

■ The appellant's primary contention upon appeal is that the lower court erred by failing to award back pay. Pursuant to W.Va.Code § 5–11–10, the West Virginia Human Rights Commission, upon a finding of an unlawful discriminatory practice, shall "take such affirmative action, including, but not limited to, hiring, reinstatement or upgrading of employees, with or without back pay, ... as in the judgment of the commission, will effectuate the purpose of this article...." The back pay provisions have remained unchanged since their enactment on July 1, 1967.

5. According to testimony received at the hearing in the matter, the appellant was offered a position as a waitress at Diamond Jim's Restaurant in Charleston, West Virginia, operated by Phillips Enterprises. This offer was extended to the appellant prior to her termination from employment by the appellee. She testified that she did not approach Phillips Enterprises regarding potential employment at Diamond Jim's subsequent to her termination because she was too

Additionally, West Virginia Human Rights Commission Rule 9.2(b) provides, in pertinent part, that the Commission may:

(1) Assess against a respondent an award of damages to the victim or victims of the discrimination for whatever amounts may be shown to have resulted from such discrimination, including attorneys' fees.

(2) Assess against a respondent an award of backpay to the victim or victims of discrimination pursuant to section ten, article eleven, chapter five of the West Virginia Code.

W.Va.C.S.R. § 77–2–9.2(b).

The appellee contends that the appellant's award of $1,000.00 for embarrassment and humiliation is more than sufficient and that she is not entitled to back pay because she failed to mitigate her damages.

Margie Holbrook testified that she sought but was unable to obtain additional employment. That testimony was largely unrefuted,[5] and the Commission, in its findings of fact, concluded that "Margie Holbrook tried to mitigate by looking for work, but was not hired by anyone." Further, the reality of the limited opportunities for new employment for a sixty-two-year-old woman cannot be ignored. As we explained in syllabus point 4 of *Paxton v. Crabtree*, 184 W.Va. 237, 400 S.E.2d 245 (1990).

Once a claimant establishes a prima facie case of discrimination and presents evidence on the issue of damages, the burden of producing sufficient evidence to establish the amount of interim earnings or lack of diligence shifts to the defendant. The defendant may satisfy his burden only if he establishes that: (1) there were substantially equivalent positions which were available; and (2) the

embarrassed to seek such an opportunity. Furthermore, she testified that she had sought employment elsewhere but had been unable to secure any position. Although the appellant's testimony regarding her attempts to secure employment was largely unrefuted, the manager of Diamond Jim's at the time of the appellant's termination did state that she would have hired the appellant for any available position if the appellant had requested employment.

claimant failed to use reasonable care and diligence in seeking such positions.

Based upon the evidence adduced at the hearing in this matter, it appears that the appellant became humiliated after her termination and was consequently limited in her ability to seek employment. Further, the Human Rights Commission, in its findings of fact, explicitly stated that "Margie Holbrook tried to mitigate by looking for work, but was not hired by anyone." We do not believe that the appellee met its burden of proving that the appellant failed to mitigate her damages.

In *Institute of Technology,* we addressed the discretionary nature of an award of back pay and cited the United States Supreme Court's decision in *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). We noted that the thrust of the *Albemarle* decision regarding back pay was that " 'given a finding of unlawful discrimination, back pay should be [judicially] denied [in whole or in part] only for reasons which, if applied generally, would not frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination.' " *Institute of Technology,* 181 W.Va. at 536, 383 S.E.2d at 501 (quoting *Albemarle Paper,* 422 U.S. at 421, 95 S.Ct. at 2373). We also explicitly stated that "the back-pay provisions of *W.Va.Code,* 5-11-10 [1971, 1987] must not be judicially restricted in light of the liberal construction required by *W.Va.Code,* 5-11-15 [1967] to be given generally to provisions of the West Virginia Human Rights Act." *Institute of Technology,* 181 W.Va. at 537, 383 S.E.2d at 502.

The appellant in the present case presented evidence indicating that she would have continued to earn $2.01 per hour until she retired. By estimating her retirement date and calculating her wages at $2.01 per hour, 40 hours weekly, 50 weeks yearly, and $30–40 in tips per day, the appellant presented evidence indicating that she was entitled to backpay in the amount of $14,020.00. We find that evidence was adequately presented to support a backpay award. Neither the Human Rights Commission nor the Circuit Court of Kanawha County provided any explanation for the failure to award backpay. The Human Rights Commission simply ordered that the appellee pay the appellant $1,000.00 for the embarrassment and humiliation she suffered.

Consequently, we find that the Human Rights Commission arbitrarily denied the appellant an award of backpay. While we have recognized that an award of backpay is discretionary with the Human Rights Commission, we have also explicitly stated that the backpay provisions of the West Virginia Human Rights Act should be liberally construed. In the present case, the arbitrary denial of backpay constitutes error, and we remand this case to the Circuit Court of Kanawha County for formulation of an appropriate award of backpay to the appellant.

Based upon our review of the record and the arguments of counsel, we reverse the decision of the Circuit Court of Kanawha County, only insofar as it failed to award back pay to the appellant. With regard to the issue of back pay, we remand this case to the Circuit Court of Kanawha County with directions that an appropriate award of back pay be determined and awarded to the appellant.

Affirmed in part; Reversed and remanded in part.